Filed: 1/7/2026 5:05 PM
Michael Gould
District Clerk
Collin County, Texas
By Danyel Grace Deputy
Envelope ID: 109784775

**Cause No. 416-09562-2025**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 416TH JUDICIAL DISTRICT |
| | § | |
| COMMUNITY CAPITAL PARTNERS | § | |
| LP, EPIC REAL PROPERTIES, INC., | § | |
| EAST PLANO ISLAMIC CENTER, | § | |
| IMRAN CHAUDHARY, NAVEED | § | |
| SIDDIQUI, and SARFRAZ AHMAD, | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Community Capital Partners, LP ("CCP"); EPIC Real Properties, Inc. ("EPIC GP"); East Plano Islamic Center ("EPIC"); Imran Chaudhary; Naveed Siddiqui; and Sarfraz Ahmad (collectively, "Defendants") file this joint Original Answer to the State of Texas's Verified Original Petition, and in support thereof would respectfully show the Court as follows:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation in Plaintiff's Verified Original Petition. Defendants demand strict proof of all such allegations by a preponderance of the evidence as required by the laws of the State of Texas. By this general denial, Defendants intend to put all of Plaintiff's allegations in issue and require Plaintiff to meet its burden of proof at trial.

1

**AFFIRMATIVE AND OTHER DEFENSES**

Without waiving the foregoing, Defendants plead the following affirmative defenses and other defensive matters as allowed under the Texas Rules of Civil Procedure. By alleging these defenses, Defendants do not assume any burden of proof that legally rests on Plaintiff.

**1. Failure to State a Claim:** Plaintiff has failed to plead facts sufficient to state a claim for relief under the Texas Securities Act. The Petition relies on legal conclusions, group pleading, and statutory labels rather than specific factual allegations establishing a violation by each Defendant.

**2. No Security as a Matter of Law:** The instruments and transactions described in the Petition do not constitute "securities" under the Texas Securities Act or federal law. Because the TSA applies only to securities, Plaintiff's claims fail as a matter of law.

**3. Federal Preemption (NSMIA):** To the extent the instruments are deemed securities, they are "covered securities" under federal law, and Plaintiff's claims based on registration, permitting, or qualification are preempted by the National Securities Markets Improvement Act of 1996.

**4. Statutory Exemptions:** The transactions at issue were exempt from registration and permitting requirements under applicable federal and state exemptions, including Regulation D and statutory private-offering exemptions.

**5. No Misrepresentation or Omission:** Plaintiff cannot establish any untrue statement of material fact or omission of a material fact. All material information was disclosed, and any statements identified in the Petition were true when made, constituted non-actionable opinion, or were immaterial as a matter of law.

**6. Good Faith:** Defendants acted in good faith at all times and without intent to deceive, defraud, or mislead any investor or the public. Good-faith conduct bars the extraordinary equitable relief and penalties Plaintiff seeks.

**7. No Reliance or Causation:** Plaintiff cannot establish reliance, transaction causation, or loss causation. No investor has alleged deception, rescission, or damages, and Plaintiff cannot prove that any alleged statement caused harm.

**8. No Dealer or Seller Conduct:** Defendants deny that any Defendant engaged in conduct requiring registration as a dealer or seller under the Texas Securities Act. Any alleged liability premised on dealer status fails as a matter of law.

**9. Entity Separateness/No Vicarious Liability:** Each Defendant is a separate legal entity or person. Plaintiff has not pleaded facts supporting alter-ego, veil-piercing, or any other basis for disregarding entity separateness or imposing liability on individuals or affiliated entities for the acts of others.

**10. No Individual Liability:** Plaintiff has failed to plead facts establishing personal liability of any individual Defendant. Allegations based solely on officer or director status are insufficient as a matter of law.

**11. No Liability of East Plano Islamic Center:** Plaintiff has failed to plead facts showing that East Plano Islamic Center offered, sold, promoted, or otherwise engaged in conduct regulated by the Texas Securities Act.

**12. Statute of Limitations and Repose:** Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and repose.

**13. Equitable Defenses:** Plaintiff's claims are barred, in whole or in part, by laches, waiver, estoppel, and unclean hands.

3

**14. Adequate Remedy at Law/No Irreparable Harm:** Plaintiff has an adequate remedy at law and cannot establish imminent or irreparable harm. Injunctive relief is therefore unavailable.

**15. Constitutional Defenses:** Plaintiff's claims and requested relief violate Defendants' rights under the Texas and United States Constitutions, including due process, equal protection, and the protections afforded to speech (commercial and non-commercial), association, and religious exercise.

**16. Excessive and Unauthorized Relief:** The relief sought exceeds that authorized by statute and is punitive, disproportionate, and unsupported by law or equity.

**17. Failure of Statutory Preconditions/*Ultra Vires* Enforcement:** Plaintiff failed to satisfy statutory predicates to enforcement under the Texas Securities Act, including any conditions precedent to seeking injunctive relief, disgorgement, or civil penalties. Relief sought beyond the statute's express authorization is ultra vires and barred.

**18. No Ongoing or Imminent Violation:** Injunctive relief is unavailable absent proof of an ongoing or imminent violation. Allegations based on completed past conduct do not support prospective equitable relief.

**19. Primary Jurisdiction/Administrative Exhaustion:** To the extent the claims depend on determinations within the expertise of the Texas State Securities Board or the Securities Commissioner, the Court should defer under the doctrine of primary jurisdiction. *See Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 809 (5th Cir. 2011)*; In re Entergy Corp.*, 142 S.W.3d 316, 322–23 (Tex. 2004).

**22. Business Judgment Rule:** Decisions regarding project structure, compensation, and operations were made in good faith and are protected business judgments.

**23. Reservation of Defenses:** Defendants reserve the right to assert additional defenses as discovery proceeds.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendants Community Capital Partners, LP; EPIC Real Properties, Inc.; East Plano Islamic Center; Imran Chaudhary; Naveed Siddiqui; and Sarfraz Ahmad pray that upon final trial Plaintiff takes nothing by its suit. Defendants ask that all injunctive relief requested by Plaintiff be denied, that no disgorgement, civil penalties, or damages be awarded, and that all claims against certain Defendants be dismissed as appropriate. Defendants further pray for recovery of their costs, and for such other and further relief at law or in equity to which they are justly entitled.

Respectfully submitted,

**ARAMBULA | TERRAZAS PLLC**

1001 S. Capital of Texas Hwy.
Bldg. L, Suite 250
Austin, TX 78746
(512) 294-9891

*/s/  Eric A. Hudson*
Eric A. Hudson
State Bar No. 24059977
ehudson@terrazaspllc.com
Benjamin L. Dower
State Bar No. 24082931
bdower@terrazaspllc.com
Jennifer A. Foster
State Bar No. 24104938
jfoster@terrazaspllc.com
Seth A. Montandon
State Bar No. 24137059
smontandon@terrazaspllc.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, by way of E-Service, on this 7th day of January, 2026.

/s/  Eric A. Hudson
Eric A. Hudson

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Benjamin Dower on behalf of Benjamin Dower
Bar No. 24082931
bdower@atlawpllc.com
Envelope ID: 109784775
Filing Code Description: Original Answer
Filing Description: Defendants' Original Answer and Affirmative Defenses
Status as of 1/8/2026 8:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas Bevilacqua | | thomas.bevilacqua@oag.texas.gov | 1/7/2026 5:05:05 PM | SENT |
| Sarah Orr | | Sarah.Orr@oag.texas.gov | 1/7/2026 5:05:05 PM | SENT |
| Karla Gutierrez | | karla.gutierrez@oag.texas.gov | 1/7/2026 5:05:05 PM | SENT |
| Scott D. Smith | | scott.smith@oag.texas.gov | 1/7/2026 5:05:05 PM | SENT |
| Benjamin Dower | | bdower@atlawpllc.com | 1/7/2026 5:05:05 PM | SENT |
| Eric Hudson | | ehudson@atlawpllc.com | 1/7/2026 5:05:05 PM | SENT |
| Jennifer Foster | | jfoster@atlawpllc.com | 1/7/2026 5:05:05 PM | SENT |
| Seth Montandon | | smontandon@atlawpllc.com | 1/7/2026 5:05:05 PM | SENT |