UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| v. | § | CIVIL NO. 4:26-CV-29-SDJ |
| | § | |
| COMMUNITY CAPITAL | § | |
| PARTNERS LP, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Asserting various claims under the Texas Securities Act, the State of Texas filed suit in state court against Defendants Community Capital Partners LP ("CCP"), East Plano Islamic Center ("EPIC"), EPIC Real Properties, Inc. ("EPIC GP"), Imran Chaudhary, Naveed Siddiqui, and Sarfraz Ahmad. *See* (Dkt. #4) (original complaint); (Dkt. #12) (amended complaint). Defendants removed the case to this Court under 28 U.S.C. § 1441(a). Defendants maintain that removal was proper because the case presents a federal question within the meaning of 28 U.S.C. § 1331. (Dkt. #1).

Texas disagrees and has moved for remand. (Dkt. #13). Having considered the parties' briefing, the amicus filing,[1] and the applicable law, the Court concludes that the motion will be granted.

### I. BACKGROUND

Defendant CCP is a Texas limited partnership, created by Defendant EPIC, as a vehicle to acquire a tract of land for the development of a planned community to be known as "EPIC City." As envisioned, EPIC City would include over 1,000 residential

---

[1] The Court has received and considered the Brief of Amicus Curiae Governor Greg Abbott in Support of Plaintiff's Motion to Remand. (Dkt. #19–1).

lots, a private school, commercial and retail centers, and a masjid. CCP is managed by Defendant EPIC GP. EPIC GP has a single shareholder, EPIC, and a board of directors comprised of Defendants Chaudhary, Siddiqui, and Ahmad.

In connection with the development of EPIC City, Defendants implemented a plan to sell "shares" in CCP's limited partnership and "warrants" to accredited investors to raise equity. According to Texas, CCP and the other Defendants violated the Texas Securities Act (TSA) by failing to register as a securities dealer, failing to obtain a permit from the Texas Securities Commissioner or authorization for its marketing campaigns, and committing other fraudulent conduct related to a security. (Dkt. #12 ¶¶ 63–105).

Defendants timely filed a removal notice, (Dkt. #1), invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331 because Texas's state-law claims "necessarily raise" a federal issue as defined by *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). (Dkt. #1 ¶¶ 5–9). Texas requests remand, arguing that its well-pleaded complaint lacks any federal question, rendering *Grable* inapplicable. (Dkt. #13).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)) (internal quotation marks omitted). Thus, when a plaintiff sues in state court, a defendant can remove the suit

2

to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit in federal court under a jurisdiction-granting statute. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (collecting cases).

One such jurisdiction-granting statute is 28 U.S.C. § 1331, which gives federal courts subject-matter jurisdiction over all claims "arising under" federal law. Courts apply the well-pleaded complaint rule to determine whether a claim arises under federal law. Under that rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). For cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," then the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

Generally, under the well-pleaded complaint rule, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257. A case does not arise under federal law, and thus is not removable, if the complaint does not affirmatively allege a federal claim and instead asserts only state-law causes of action. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10, 103 S.Ct. 2841,

77 L.Ed.2d 420 (1983)). As the Fifth Circuit has explained, "[t]he well-pleaded complaint rule precludes a plaintiff from predicating federal jurisdiction on an anticipated federal defense to his claim." *La. Indep. Pharm. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022). Even when a plaintiff brings state-law claims that implicate federal law, "those claims cannot alone sustain federal jurisdiction." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022). In other words, "[a] defendant cannot remove an action to federal court unless the plaintiff pleaded a federal question on the face of his complaint." *Id.*; *see also Stump v. Potts*, 322 F.App'x 379, 380 (5th Cir. 2009) (per curiam) ("It is not sufficient for the federal question to be raised in the answer or in the petition for removal."). After all, the plaintiff "is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

A case may also "arise under" federal law if it falls within the *Grable* doctrine. In *Grable*, the Supreme Court recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312. *Grable* applies if: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 529 (5th Cir. 2020) (internal quotation marks and citations

4

omitted). "These conditions are difficult to meet." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022).

Because *Grable* is applied "in the shadow of the well-pleaded complaint rule," courts look to the face of a plaintiff's pleading to determine whether the issues it raises implicate the *Grable* doctrine. *Id.* Only a "special and small" category of cases can satisfy these requirements. *Id.* (internal quotation marks and citations omitted). "The type of claim that creates a federal question under *Grable* is typically a state-law claim premised on some component of federal law." *Id.* Thus, for example, a state-law negligence claim creates a federal question when it is premised on the existence of a duty established by federal law. *Id.*

### III. DISCUSSION

Defendants rely solely on the *Grable* doctrine to support removal in this case. Because *Grable* is inapplicable, the Court lacks subject-matter jurisdiction and remand is required under 28 U.S.C. § 1447(c).

### A.     The *Grable* Doctrine is Inapplicable.

Texas alleges only state-law claims under the TSA. Those claims include a cause of action for failure to register as a securities dealer (in violation of Texas Government Code Section 4004.051), selling securities without a qualifying permit (in violation of  Section 4003.001), failure to respect Texas law requirements concerning promotional materials associated with a securities issuance (in violation of Section 4003.203), and engaging in fraudulent practices (in violation of Section 4007.152). *See* (Dkt. #4, #12). None of these claims is premised on a duty

established by federal law, nor must any of them be proven by violation of a federal statute, rule, or regulation. The remedies sought by Texas are also grounded in state law, not federal law.  The relief sought includes: the appointment of a receiver under Texas Government Code Section 4007.151; various injunctions under Section 4007.152(b)(2); an order of disgorgement under Section 4007.153; and a civil penalty under Section 4007.154. *See* (Dkt. #4, #12). Thus, no "significant federal issue," implicating *Grable*, is present on the face of Texas's well-pleaded complaint.

For their part, Defendants maintain that the resolution of Texas's claims necessarily depends on the adjudication of a federal question, namely whether Texas's TSA claims are preempted by provisions of the federal National Securities Markets Improvement Act ("NSMIA"). NSMIA, which amended the Securities Act of 1933, 15 U.S.C. §§ 77a *et seq.*, preempts state claims requiring registration of a security if the claim is based on "a covered security," 15 U.S.C. § 77r(a)(1).[2] Covered securities include those exempt from registration requirements under SEC Regulation D.[3] Accordingly, if the securities at issue in this case are exempt under Regulation D, then preemption of Texas's claims under NSMIA is implicated.

---

[2] The statute provides as follows: "a) Scope of exemption. Except as otherwise provided in this section, no law, rule, regulation, or order, or other administrative action of any State or any political subdivision thereof—(1) requiring, or with respect to, registration or qualification of securities, or registration or qualification of securities transactions, shall directly or indirectly apply to a security that—(A) is a covered security; or (B) will be a covered security upon completion of the transaction . . . ." 15 U.S.C. § 77r(a)(1)(A)—(B).

[3] The parties agree that the relevant exemption for purposes of the instant case is Rule 506 of Regulation D. *See* 17 C.F.R. § 230.506. Rule 506 is a safe harbor provision for limited private placements. The rule permits a private issuer to sell unregistered securities to any "accredited investor" and up to thirty-five other unaccredited purchasers, so long as certain requirements are met. Such a filing is generally intended to exempt the sale from federal and state registration requirements pursuant to NSMIA.

6

The Regulation D exemption is limited. It applies only to securities that "actually qualify for a valid federal securities registration exemption[.]" *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 910 (6th Cir. 2007). As the Sixth Circuit explained in *Brown*, "Congress chose not to include broadly preemptive language when it enacted NSMIA." *Id.* at 911. "Instead, the statute plainly restricts its preemptive scope to 'covered securities,' and it neither defines, nor requires the SEC to define, 'covered securities' in a fashion that would actually include all securities." *Id.* at 911–12. Thus, NSMIA does not expressly preempt state laws with respect to non-"covered" securities, "nor does the statute's text reveal an implied intent to preempt all state statutes in the field." *Id.* at 912 (citing *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 884, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000)). Based on NSMIA's text, the Court agrees with the Sixth Circuit's reasoning that the statute preempts state securities registration laws with respect only to those offerings that qualify as "covered securities" according to the regulations that the SEC has promulgated.

Defendants' assertion of a preemption defense grounded in provisions of NSMIA does not create federal question jurisdiction under *Grable*. Federal preemption "is ordinarily a federal defense to the plaintiff's suit" and, as a result, does not support federal question jurisdiction. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). And state law claims that are merely subject to ordinary preemption are not recharacterized as claims arising under federal law. *See Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995) (applying this principle in the context of conflict preemption). In this regard, the Fifth Circuit has

7

instructed that courts and litigants must avoid confusing complete preemption with ordinary or defensive preemption. "Complete preemption gives federal courts the power to adjudicate a case in the first place, while defensive preemption is an affirmative defense that a defendant can invoke to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law." *Mitchell*, 28 F.4th at 585 n.2 (internal quotation marks and citations omitted). Defendants have not asserted that complete preemption applies here.[4]

In support of their argument that *Grable* applies, Defendants point to Texas's original and amended complaint, each of which anticipates the "covered securities" preemption defense under Rule 506 of Regulation D and asserts that the defense does not apply. In Defendants' view, because Texas "affirmatively pleads . . . the absence of federal preemption as the gateway to imposing the TSA's registration regime," this case falls under *Grable*. (Dkt. #21 at 4). Not so. The "covered securities" preemption defense under NSMIA remains just that—a defense. Indeed, Defendants have pleaded the NSMIA exemption as an affirmative defense in their answer. (Dkt. #5). Thus, Defendants "bear the burden of establishing that the securities at issue are exempt in order for NSMIA preemption to apply." *Medero v. Norada Cap. Mgmt.*, No. 8:25-cv-574-DOC-KES, 2025 WL 2630389, at *5 (C.D. Cal. Sep. 12, 2025). The

---

[4] Defendants' implicit acknowledgment that the TSA is not completely preempted by NSMIA is sensible. As this Court has recognized, complete preemption is "vanishingly rare." *Torres v. Minnaar*, No. 4:23-CV-486-SDJ, 2024 WL 778383, at *3 (E.D. Tex. Feb. 26, 2024). It applies only when three conditions are met. First, federal law "creates a cause of action that both replaces and protects the analogous area of state law." *Mitchell*, 28 F.4th at 585 (quotation omitted). Second, Congress has empowered federal courts to hear that cause of action. *Id.* And third, Congress clearly intended that grant of jurisdiction to be exclusive. *Id.* These conditions are not met as to NSMIA, and Defendants do not contend otherwise.

fact that Texas anticipates the assertion of this defense and pleads the inapplicability of the NSMIA exemption in its original and amended complaint does not alter the Court's jurisdictional analysis. As the Supreme Court has made clear, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

\* \* \* \*

Texas could not plead its way into federal jurisdiction under 28 U.S.C. § 1331 by merely "anticipating" a federal preemption defense. *La. Indep. Pharm. Ass'n*, 41 F.4th at 478. For the same reason, the discussion of Defendants' prospective preemption defense in Texas's complaint can't serve as a passport to federal-question jurisdiction for Defendants. Texas asserts only state-law claims under the TSA. The claims are not premised on any component of federal law, nor are the forms of relief requested grounded in federal law. The only "federal issue" in this case appears as an ordinary preemption defense under provisions of the federal NSMIA. The availability of such a preemption defense does not create federal-question jurisdiction under *Grable*, regardless of whether Texas "affirmatively pleads" that the defense does not apply. The case will be remanded.

### B.    Costs and Expenses

When a case is remanded, the court may order the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the

9

removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified that, absent unusual circumstances, courts may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). This inquiry should take into consideration "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.

While unsuccessful, Defendants had an objectively reasonable basis for seeking removal—that the NSMIA potentially preempts Texas's state-law claims. Therefore, the Court will not award costs or expenses to Texas.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff The State of Texas's Opposed Motion to Remand and Memorandum in Support, (Dkt. #13), is **GRANTED**. This case is **REMANDED** to the 416th Judicial District Court, Collin County, Texas.

**So ORDERED and SIGNED this 24th day of February, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

10